UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                            **MEMORANDUM & ORDER**

  -v -                          15-CR-121 (ILG)

ERROL CAMPBELL,

          Defendant.
-----------------------------------------------x

GLASSER, Senior United States District Judge:

Defendant Errol Campbell, an accountant, was convicted of preparing false tax returns for his clients. At trial, evidence that Campbell fabricated a tax return for an undercover agent was offered, under Rule 404(b) of the Federal Rules of Evidence, for the limited purpose of proving knowledge, intent, or lack of mistake. In a post-trial motion seeking a judgment of acquittal or new trial, Campbell challenges (1) the admission of that evidence; (2) the jury instructions limiting the purpose of that evidence; and (3) the sufficiency of the evidence in general. For the reasons stated below, these claims are meritless, and the motion is DENIED.

## 1   Background

Campbell was charged with 19 counts of aiding and assisting in the preparation of false federal tax returns, in violation of 26 U.S.C. § 7206(2). The indictment alleged that Campbell knowingly and willfully prepared 19 false tax returns on behalf of five clients between 2008 and 2011: he inflated two kinds of deductions—charitable contributions and employment expenses—and thus secured larger refunds for his clients (or reduced their liabilities). Dkt. No. 1.

At trial, direct evidence of the charged conduct included testimony from five of Campbell's clients and copies of the 19 tax returns. The clients testified that each return reported thousands of dollars in false charitable contributions, employment expenses, or both, and that Campbell prepared the returns himself or falsified the deductions without their input or documentation. Tr. at 162, 169, 192, 202, 204, 206, 222–24, 233, 238–39, 248, 271–72. Moreover, Campbell admitted to falsifying those two kinds of deductions on his clients' returns, in an interview with Internal Revenue Service (IRS) Special Agent Frank DiMare. Tr. at 61.[1]

There was also evidence of an undercover operation, during which Campbell falsified an undercover agent's tax return. Before trial, this evidence was the subject of an *in limine* ruling to admit evidence under Rule 404(b) of the Federal Rules of Evidence, as proof that Campbell acted willfully and knowingly when he prepared the returns charged in the indictment. Dkt. No. 43. Campbell now renews his challenge to this evidence.

The challenged evidence began with testimony by Special Agent Dimare, who planned and listened to the undercover operation as it was being recorded. Tr. at 34, 37. He testified that although the undercover agent told Campbell that she had no charitable contributions or employment expenses, Campbell claimed $10,000 of those deductions on her return. Tr. at 38, 40. When the agent

---

[1] DiMare testified that the IRS's investigation of Campbell was prompted by data showing that 98% of Campbell's clients received a refund or reduced liabilities (significantly higher than the national average) and that a majority claimed itemized charitable-contribution or employment-expense deductions. Tr. at 31, 34, 46. Campbell's clients had received $20 million in refunds over four years, 2008 to 2012. Id. at 31.

questioned the deductions, Campbell said that they were "just some small deductions" and that he "hooked her up." Id. He did not review the return with her. A copy of the return and a recording of the operation were admitted into evidence. Tr. at 42, 51; see Gov't Ex. 1A & 1B. The defense did not request a limiting instruction. See Tr. at 34–51.

Later that day (after Dimare testified about other aspects of his investigation, Tr. at 51–105, and IRS Special Agent Frank Stamm testified as an expert in tax computation, Tr. at 106–116), the recording of the undercover operation was played for the jury. Tr. at 120–21. Afterwards, Campbell requested a limiting instruction. Tr. at 123. The Court declined to give an instruction at that time, permitting Special Agent Stamm, the last witness of the day, to finish testifying. Id. at 123–24; see id. at 125–39.

The limiting instruction was given the next morning, as soon as the jury entered the courtroom. Tr. at 156–58. The jury was told that evidence of the sting was "received for a very limited purpose" of assessing Campbell's knowledge, intent, or absence of mistake, and "not [as] proof of the defendant's guilt of the crimes with which he's charged." Id.

The instruction was repeated the next day, during the jury charge. The charge explained at length that evidence of the sting was received "not . . . for the purpose of establishing that the defendant has an inclination or a disposition to commit crimes [or] to establish that he has a bad character," but rather "for the purpose of permitting the jury to infer that he had the necessary intent; that he had

3

the necessary knowledge; that it wasn't a mistake that was committed when he committed the crime." Tr. at 377; accord id. at 376–79.

The jury returned a guilty verdict on all counts.

## 2    Discussion

Campbell moves for a judgment of acquittal, or, alternatively, a new trial, under Rules 29 and 33 of the Federal Rules of Criminal Procedure. Dkt. No. 58. He makes three claims: (1) that evidence of the undercover operation was improperly admitted; (2) alternatively, that the limiting instruction was insufficient; and (3) that there was insufficient evidence to support the verdict. Each is addressed in turn.

### 2.1   Evidence of the Undercover Meeting Was Properly Admitted

Evidence that Campbell knowingly and intentionally falsified the undercover agent's tax return was properly admitted under Rule 404(b).

Rule 404(b) permits evidence of other acts for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Other-act evidence is admissible so long as it "does not serve the sole purpose of showing the defendant's bad character and . . . is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." United States v. Curley, 639 F.3d 50, 56 (2d Cir. 2011). Other-act evidence is relevant if it provides "a reasonable basis for inferring knowledge or intent." United States v. Cadet, 664 F.3d 27, 32 (2d Cir.

2011). The other act "need not be identical to the charged conduct," just "sufficiently similar" to support the state-of-mind inference. Id. at 32–33.

It is hard to imagine a more clear-cut example of appropriate Rule 404(b) evidence than the evidence challenged here. Campbell inflated the undercover agent's charitable-contribution and employment-expense deductions on his own volition, and did not tell her about the false deductions or ask her to review them. In sum, Campbell knowingly and intentionally falsified the agent's return. That return and evidence of the undercover meeting are therefore highly probative of Campbell's knowledge, intent, and lack of mistake in preparing similar false returns for his clients. That evidence supports the inference that the clients' returns, too, were knowingly and intentionally falsified. See Cadet, 664 F.3d at 33 (holding that evidence that the defendant knowingly and intentionally prepared a false return for an undercover agent "by inserting inflated deductions . . . provided a reasonable basis to infer that the inflated deductions that formed the basis for the 16 counts of conviction were likewise entered knowingly and intentionally"); United States v. Oskowitz, 294 F. Supp. 2d 379, 382 (E.D.N.Y. 2003).

Indeed, the undercover meeting and client meetings at which their returns were prepared were essentially identical: the only difference was that the agent, unlike the clients, asked Campbell about the inflated deductions. Cf. Cadet, 664 F.3d at 33 n.6 (disregarding the fact that "the taxpayer-clients [unlike the undercover agent] testified that Cadet neither suggested preparing a false tax return nor demanded a higher fee for doing so").

5

Evidence of the undercover operation was properly admitted.

## 2.2 The Jury Was Properly Instructed

The jury was properly instructed that Rule 404(b) evidence was "received for a very limited purpose" of assessing Campbell's knowledge, intent, or lack of mistake, and "not [as] proof of [his] guilt of the crimes with which he's charged." Tr. at 156–58; accord id. at 376–79. Campbell asserts three contrary arguments.

First, Campbell challenges the timing of the instruction. But the timing of a limiting instruction is "within the judge's discretion." United States v. Sliker, 751 F.2d 477, 487 (2d Cir. 1984) (affirming a district court's decision "to delay [a 404(b) limiting] instruction until his final charge"); see also United States v. Henry, 363 F. App'x 781, 784 (2d Cir. 2010). Here, the instruction was given twice: during the government's case-in-chief and the jury charge. There is no reason to believe that the instruction would have had a greater or lesser impact if it were given at a different time.

Second, Campbell argues that "the oral instructions given at the close of the trail [sic] exasperated the prejudice" by informing the jury that it "could consider [the Rule 404(b)] evidence in determining Mr. Campbell's state of mind at the time he prepared the nineteen tax returns in the indictment." This argument, of course, is foreclosed by Rule 404(b) itself, which permits other-act evidence for the purpose of establishing state of mind. Application of Rule 404(b) does not cause undue prejudice, particularly where, as here, the other act and charged acts are nearly identical. See Cadet, 664 F.3d at 33; Oskowitz, 294 F. Supp. 2d at 383.

Third, Campbell claims that the Court "erroneously instructed the jury that the evidence of the undercover meeting was not admitted for a limited purpose," citing a single remark, "It wasn't under 404(b)," which was directed at counsel. Tr. at 124. That remark, however, did not convey the content of Rule 404(b) or its application to the evidence in this case. Even if it did, the Court's two lengthy and comprehensive instructions regarding the proper purpose of the undercover-meeting evidence would have cured the error. See Tr. at 156–58, 376–79.

Campbell's challenge to the jury instructions is meritless.

2.3   The Evidence Was Sufficient to Support the Verdict

Rule 29 permits the Court to set aside a guilty verdict where the evidence is insufficient to sustain a conviction. That is clearly not the case here. Five of Campbell's clients testified that their charitable-contribution and employment-expense deductions were inflated unilaterally by Campbell, who confessed to inflating them to secure larger refunds for his clients. Even without the Rule 404(b) material, the evidence of guilt was overwhelming.

## Conclusion

Campbell's motion for a judgment of acquittal or new trial is DENIED.

SO ORDERED.

Dated:      Brooklyn, New York
            November 5, 2015

                                          _____/s/_____
                                          I. Leo Glasser
                                          Senior United States District Judge